UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Fedor Antonov, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br><br>-v.-<br><br>Portfolio Recovery Associates, LLC.<br><br>Defendant. | Civil Action No: 1:20-cv-3402<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Fedor Antonov (hereinafter, "Plaintiff"), individually an on behalf of all others similarly situated, by and through his attorneys, Horowitz Law, PLLC, complains, states and alleges against Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant" or "PRA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      This action seeks to recover for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

1

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## PARTIES

4.     Plaintiff is a resident of the State of New York, County of Kings, and resides at 777 Foster Avenue, Brooklyn, NY 11230.

5.     Plaintiff is a natural person allegedly obligated to pay a debt.

6.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

7.     Defendant Portfolio Recovery Associates, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 150 Corporate Blvd., Norkolk, VA 23502 and may be served with process upon the Corporation Service Company its regristered agent for service of process, at 80 State Street, Albany, NY 12207. .

8.     Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and PRAimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## THE FDCPA

9.     Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

10.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

11.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers… as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumer by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcar Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008).

13.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14.     Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everday, common consumer---understands the notice he or she receives." *Russell*, 74 F.36 at 34.

15.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," of if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

16.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendnat's culpability my only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id*.

## CLASS ALLEGATIONS

17.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

18.     Plaintiff seeks to cerity a class of:

> All consumer to who Defendant PRA sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

19.     This action seeks a finding that Defendant PRA's conduct violates the FDCPA, and asks that the Court award damages as suthroized by 15 U.S.C. §1692k.

20.     The Class consist of more than thirty-five persons.

21.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22.     The prosecution of separate actions by individual members of the Class would ceate a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party ot the adjudication, or substantially impair or impede their ability to protect ttheir interests. Defendant has acted in a meanner applicable to the Class as a whole such that declaratory relief is warranted.

23.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the mebers of the Class, because Defendant's conduct was perpertrated on all members of the Class and wil be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brough under consumer protection laws.

## FACTUAL ALLEGATIONS

24.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25.     Some time prior to July 30, 2019, an obligation was allegedly incurred to Synchrony Bank.

26.     The Synchrony Bank obligation arose out of a transactions in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

27.     Specifically, the Synchrony Bank debt, was a credit card used for personal, family, and household purchases.

28.     The alleged Synchrony Bank obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

29.     Synchrony Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

30.     Defendant PRA, a debt collector and the subsequent owner of the Synchrony Bank debt, is collecting the alleged debt.

31.     Defendant PRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

32.     On or about July 30, 2019, Defendant PRA sent Plaintiff a debt collection letter (the "Letter") regarding the alleged debt owed to Synchrony Bank. **See Exhibit A**.

33.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34.     The Letter was received and read by Plaintiff.

35.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communication from Defendant. As set forther herein, Defendant deprived Plaintiff of this right.

36.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

37.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38.     The Letter states a balance of $4,646.23.

39.     The Letter offers two options regarding the balance: Either "Pay the Full Balance" or "Choose a Savings Plan" that allows the consumer to pay the balance for a discounted amount.

40.     Below the offer to "Pay the Full Balance", the Letter states: "Your account will be considered paid-in-full after your final payment is successfully posted."

41.     Below the offer "Choose a Savings Plan", the Letter states: "The savings will be applied to the balance and your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted."

42.     Below both offers, the Letter additionally states: "Within approximately 30 days of your final payment successfully posting, we will request that the three major credit reporting agencies delete our tradline related to your account from your credit bureau report."

43.     The Letter's additional statement regarding Defendant's request of deletion from the credit bureaus upon final payment is not qualified in any way and the plain reading implies that the deletion will take place in both scenarios; whether the balance is paid in full or paid for less than the full balance.

44.     In short upon Plaintiff's final payment posting, Defendnat will request to delete the tradeline from the credit bureaus, and the account will no longer appear on the credit report of the Plaintiff in any form.

45.     In light of the promised account deletion, Defendant's statements regarding the status of the account as "paid-in-full" or paid-in-full for less than the full balance" depending on which payment option is chosen, is deceptive and misleading as either option will result in the account not appearing on Plaintiff's credit report.

46.     The earlier statements are deceptive and misleading, because they propose to offer a benefit of considering the account "paid-in-full," which essentially does not exist, because the account will be deleted entirely upon final payment.

47.     Just the fact that the Letter at all states that there is a status for each type of payment option is misleading, when in fact either option results in a complete wiping away of the account having exsited at all.

48.     In the alternative, if Defendant's statement that they will request a deletion of tradline is hinged upon selection of only one of the payment options, then the Letter is unclear and misleading for not properly elucidating that fact.

49.     Plaintiff incurred an informational injury because the Defendant falsely describes the effects of full payment as opposed to less than full payment.

50.     As a result of Defendants deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

51.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

53.     15 U.S.C. §1692e provides, generally, that a deby collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54.     Defendants violated 15 U.S.C. §1692e:

a.      As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

b.      By making a false and misleading representation in violation of §1692e(10).

55.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## DEMAND FOR TRIAL BY JURY

56.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Fedor Antonov, individually and on behalf of all others similarly situated, demands judgment from Defendant PRA as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.

Dated: Flushing, New York
          July 28, 2020

                                                  */s/ Uri Horowitz*
                                                  By:  Uri Horowitz, Esq.
                                                  **Horowitz Law, PLLC**
                                                  14441 70th Road
                                                  Flushing, NY 11367
                                                  Phone: (718) 705-8706
                                                  Fax: (718) 705-8705
                                                  *Attorneys For Plaintiff*